IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-30089 |
| ) | |
| GUILLERMO CORTES-VILLAGOMEZ, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Guillermo Cortes-Villagomez's sentencing hearing held February 11, 2008. Cortes-Villagomez was present in person and through his counsel, Assistant Public Defender Robert Scherschligt. The Government was present through Assistant United States Attorney Patrick Chesley. By Text Order, dated December 4, 2007, this Court adopted the Report and Recommendation (d/e 8) issued by Magistrate Judge Cudmore and accepted Cortes-Villagomez's plea of guilty to unlawfully reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(1). The matter proceeded to sentencing.

1

The Court was in receipt of a Revised Presentence Report (PSR), dated January 28, 2008, prepared by the United States Probation Office. Cortes-Villagomez raised an objection to ¶ 13 of the PSR, which recommended an eight level enhancement in offense level under U.S.S.G. § 2L1.2(b)(1)(C), and filed a Sentencing Memorandum (d/e 11), seeking a downward departure based on the Government's delay in filing the instant charge until Cortes-Villagomez had completed a state sentence. At the sentencing hearing, attorney Scherschligt informed the Court that he believed that the § 2L1.2(b)(1)(C) objection had no merit in light of the Seventh Circuit's recent opinion United States v. Pacheco-Diaz, 2008 WL 220692 (7th Cir. Jan. 29, 2008). Cortes-Villagomez informed the Court that he wished to continue to pursue the objection. For reasons stated of record, however, the Court overruled the objection, noting that Cortes-Villagomez's 2006 conviction for possession of a controlled substance justified the eight-level enhancement.

Therefore, the Court accepted the PSR as written and adopted its findings. Cortes-Villagomez had a base offense level of 8 under U.S.S.G. § 2L1.2(a). He received an eight-level enhancement in offense level under § 2L1.2(b)(1)(C), and a three-level reduction for acceptance of responsibility,

resulting in a final offense level of 13. Cortes-Villagomez had 8 criminal history points, placing him in Category IV. An offense level of 13 and criminal history Category IV call for a sentence of 24 to 30 months imprisonment, which is in Zone D of the Guideline range.[1] The Court departed one level because the Government delayed in bringing the charge for over 14 months after it knew he was here illegally and deprived Defendant from the opportunity to request a concurrent sentence with a State court sentence.

THEREFORE, after considering the case file, the PSR, the statements of counsel, Cortes-Villagomez's own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), for reasons stated of record, the Court sentenced Cortes-Villagomez to 21 months imprisonment. Cortes-Villagomez was also ordered to pay a $100 special assessment, due immediately, but based on his financial situation, the Court ordered no fine. After his release from prison, Cortes-Villagomez was ordered to serve three years of supervised release.

IT IS THEREFORE SO ORDERED.

---

[1] The Court noted that the U.S.S.G. are advisory, pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

ENTER:  February 13, 2008

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE